## (July 30, 1963)

■ MERCANTILE-SAFE DEPOSIT AND TRUST COMPANY, as Trustee under Agreement of Trust with JOHN B. TREVOR, Plaintiff, v. JOSEPH H. MURPHY et al., Constituting the State Tax Commission, Defendants.— This controversy is submitted upon agreed facts pursuant to sections 546–548 of the Civil Practice Act. The question to be determined is whether upon such facts a non-resident trustee of an *inter vivos* trust created in Maryland by a resident of New York is subject to taxation upon income accumulated thereunder after the death of the donor. The donor, a domiciled resident of this State, by a trust agreement dated June 1, 1953 transferred and delivered to plaintiff, as sole trustee, 3,500 shares of the capital stock of a certain corporation and provided that the net income of the trust property should be distributed to him during his lifetime. While living he received such income from the trustee and paid the New York State income taxes imposed thereon. He reserved to himself power of revocation but without exercising it died in 1956. By his will which was admitted to probate in this State he bequeathed cash and securities to an amount exceeding $1,000,000 to the trustee for the uses and purposes of the trust pursuant to a reserved right to add to its *res* by testamentary disposition. So far as now material the trust indenture provided further that upon the death of the donor if his wife should survive him, the net income of the intangible assets held in trust should be paid to her during her life subject to the power of the trustee in its absolute discretion to withhold and accumulate all or any part of the trust income otherwise payable to her and to merge it with the principal of the fund from which it was derived; upon the death of the widow the trustee, subject to certain consents, was empowered to accumulate the income or to distribute it among his descendants per stirpes. The donor was survived by his widow who is and has been for many years a resident of this State. Since his death the trustee has exercised the granted power to accumulate the trust income, has filed no State income tax returns reporting its receipt for the succeeding taxable periods and has paid no income tax thereon. It is conceded that the trustee is domiciled in the State of Maryland, that the trust is administered there and that the intangibles constituting its corpus have been at all times in its exclusive possession and control in that State. Although this trust must be deemed a resident trust by statutory definition (Tax Law, § 350, subd. 7; § 605, subd. [c], par. [3]) the related statutes which impose a tax upon its accrued income (Tax Law, §§ 351, 365, subd. 1, par. c) undertake in the circumstances disclosed here to extend the taxing power of the State to property wholly beyond its jurisdiction and thus conflict

with the due process clause of the Fourteenth Amendment of the Federal Constitution. (*Safe Deposit & Trust Co.* v. *Virginia,* 280 U. S. 83.) We find no merit either in the continuing jurisdiction theory advanced by defendants or in their thesis that since the resident beneficiaries of the trust could be taxed on income distributed the nonresident trustee can be taxed on income accumulated. Judgment in favor of plaintiff granted, without costs. Settle judgment. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.