LASSER, P.J.T.C.
Taxpayer trustee contests a deficiency tax assessment for the fiscal year ended February 29, 1980, imposed by the Director of the Division of Taxation under the New Jersey Gross Income Tax Act, N.J.S.A. 54A:11 et seq. The assessment was imposed on the undistributed income of an irrevocable inter vivos trust created by a New Jersey domiciliary. The trustee, beneficiaries and assets are all located outside New Jersey.
The Director has moved to dismiss taxpayer’s complaint as untimely filed. Both the taxpayer and the Director have moved for summary judgment on the issue of whether New Jersey may impose an income tax on undistributed trust income. The motions in this case were argued together with the motions in Pennoyer v. Taxation Div. Director, 5 N.J.Tax 386 (Tax Ct. 1983), which dealt with taxability of undistributed income of a testamentary trust under similar facts.
I
Motion To Dismiss Complaint As Untimely Filed
The Director mailed taxpayer a final determination letter dated March 26,1981. Taxpayer filed a complaint with the Tax Court on June 29, 1981. The contentions of the parties with respect to this motion are identical to those raised in Pennoyer v. Taxation Div. Director, supra, decided this day. The court’s conclusions are set forth in Pennoyer. I held there that R. *402 8:4-2(b) and R. 1:3-3 were validly adopted by the Supreme Court consistent with the statutory authorization and constitutional exercise of the court’s rule-making authority. When three days for mailing are added to the date of the March 26, 1981 notice before the 90 day filing period begins to run, a filing deadline of June 27,1981 results. However, since June 27, 1981 was a Saturday, R. 1:3-1 authorizes filing on the next business day, Monday, June 29, 1981.
Therefore, the Director’s motion to dismiss taxpayer’s complaint for untimely filing is denied.
II
May The Director Impose Gross Income Tax On Undistributed Trust Income?
The following facts are undisputed. On January 26, 1972, Margaret Chubb Parsons, a New Jersey domiciliary, created an irrevocable inter vivos trust by transferring $25 in cash to Robert S. Potter, the sole trustee of her trust. The trust instrument was executed in New York and, by its terms, the trust is governed by the laws of the state of New York. Approximately two-thirds of the assets of the trust were transferred to it by Mrs. Parsons during her lifetime.
Mrs. Parsons, the settlor, died May 16, 1976. Her will was probated in the Essex County Surrogate’s Court on May 28, 1976. Under the terms of her will, the settlor provided that one-third of her residuary estate would “pour-over” into her inter vivos trust. On February 8, 1980 the trustee entered into a receipt, release and refunding agreement with the executrices and other beneficiaries, settling the account of the executrices of the estate, waiving formal judicial settlement of account, approving a final distribution to the trust and releasing the executrices. The account shows that a major distribution of assets was made to the trustee in December 1977.
All income of the trust is derived from sources outside New Jersey. Since the establishment of the trust, the trust assets, *403 consisting of cash, securities, an interest in a Delaware limited partnership and real property in Massachusetts (disposed of in 1976), have been located and managed outside New Jersey. The beneficiaries and the trustee have resided outside New Jersey at all times since the inception of the trust.
The trustee filed a New Jersey fiduciary income tax return for the fiscal year of the trust ended February 29,1980, showing no gross income tax due. By letter dated March 26, 1981, the Director imposed a deficiency tax assessment of $1,191.27. Taxpayer subsequently received a notice of adjustment dated April 26, 1981, assessing a penalty of $59.56 and interest of $107.51, for a total tax liability of $1,358.34. On June 29, 1981 the taxpayer filed a complaint with the Tax Court contesting the assessment.
Taxpayer contends that imposition of the gross income tax on the undistributed income of this trust violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Art. I, par. 1 of the New Jersey Constitution. Taxpayer also contends that the New Jersey Gross Income Tax Act is invalid on its face and as applied, to the extent that it seeks to tax the undistributed income of the subject trust. Taxpayer urges that there are insufficient contacts with New Jersey to subject the income of this trust to taxation.
The Director contends that the trust is taxable under the explicit terms of the statute because, at the time of the creation of the irrevocable inter vivos trust, the settlor was a New Jersey domiciliary. N.J.S.A. 54A:l-2(o )(3)(a). He argues that since the settlor was a New Jersey domiciliary at the time of the creation of the trust and at the time of her death, sufficient nexus exists to justify the imposition of the tax. He also contends that the transfer of assets to the trust during the settlor’s lifetime and after her death in accordance with her will is sufficient to sustain the subject tax. The Director argues that the laws of New Jersey permit the distribution of assets from the estate to the trust, and that the courts of New Jersey provide a means for the trustee to enforce the trust’s claim to its *404 share of the estate. He states that the trustee executed a receipt, release and refunding agreement filed in the Essex County Surrogate’s Court in which he agreed to an informal settlement of account with the executrices of the estate and the distribution of assets to the trust. He contends that these facts, when added to the fact that the trust was created by a New Jersey domiciliary, are sufficient to support taxability.
The Director further contends that under New York law, New Jersey is the situs of the trust because § 1501 of the New York Surrogate’s Court Procedure Act provides that the situs of an inter vivos trust of personal property is deemed to be the state of New York unless the laws of the domicile of the settlor dictate otherwise. Since New Jersey is the domicile of the settlor and under New Jersey law the subject trust is a resident trust, the Director concludes that the trust has a situs in New Jersey. However, the subject trust instrument states that the trust is to be governed by the laws of New York. The intent of the settlor, as expressed in the instrument, is clear and controlling. The intent that the trust instrument be governed by the laws of the state of New York should not be defeated by a technical interpretation of a New York procedural statute when the result is contrary to the settlor’s intent.
The ability of the State of New Jersey to tax the undistributed income of this inter vivos trust depends on the existence of sufficient contacts and benefits to comply with constitutional due process requirements. The domicile of the settlor at the time of the creation of the irrevocable inter vivos trust is not in itself a sufficient contact to support taxation by New Jersey. Mercantile-Safe Deposit & Trust Co. v. Murphy, 19 A.D.2d 765, 242 N.Y.S.2d 26 (App.Div.1963), aff’d 15 N.Y.2d 579, 255 N.Y.S.2d 96, 203 N.E.2d 490 (Ct.App.1964); City of Augusta v. Kimball, 91 Me. 605, 40 A. 666 (Sup.Jud.Ct.1898). Receipt of the principal assets of the trust from the New Jersey domiciliary prior to her death in 1976, and the December 1977 receipt of a substantial portion of the “pour-over” assets from the estate of the New Jersey domiciliary are acts which occurred prior to the *405 tax year in question. The trustee’s participation in the informal settlement of account and release of the executrices during the subject tax year is not a contact sufficient to subject the trust to taxation by New Jersey under the principles stated in Wisconsin v. J.C. Penney Co., 311 U.S. 435, 61 S.Ct. 246, 85 L.Ed. 267 (1940), reh’g den. 312 U.S. 712, 61 S.Ct. 246, 85 L.Ed. 267 (1941). There is less contact with New Jersey in this case than existed in Pennoyer v. Taxation Div. Director, supra, where the trust was created in New Jersey by the will of a New Jersey domiciliary. The New Jersey contacts in Pennoyer were held insufficient to subject that trust to taxation, and the contacts here, being even more tenuous, are likewise insufficient to support New Jersey taxation of the accumulated trust income.
Any benefit to the trust from the laws of the State of New Jersey relative to the distribution of assets from the estate to the trust can be accounted for in terms of the inheritance tax paid to the State of New Jersey on the assets distributed and transferred to the trust. The facts of this case indicate that the irrevocable inter vivos trust has a situs in New York, not New Jersey. The fact that contingent beneficiaries reside in New Jersey does not alter this conclusion. These beneficiaries are taxable on trust income distributed to them or on undistributed income over which they have control. The state in which a beneficiary is domiciled may tax trust income distributed to the beneficiary. Guaranty Trust v. Virginia, 305 U.S. 19, 59 S.Ct. 1, 83 L.Ed. 16 (1938). The fact that contingent beneficiaries are domiciled in New Jersey does not constitute a contact sufficient to empower New Jersey to tax undistributed trust income where the contingent beneficiaries have no right to the undistributed trust income.
For the foregoing reasons, and for the reasons set forth in my opinion in Pennoyer v. Taxation Div. Director, supra, I conclude that the State of New Jersey does not have the authority to tax this inter vivos trust for the tax year in question and, therefore, N.J.S.A. 54A:l-2(o)(3)(a) may not constitutionally be applied in the subject case.
*406 The Clerk of the Tax Court is directed to enter judgment denying the Director’s motion to dismiss the complaint for untimely filing, denying the Director’s motion for summary judgment and granting taxpayer’s motion to have the deficiency tax assessment in the sum of $1,191.27, plus penalty and interest for the fiscal year ended February 29, 1980, set aside.