The opinion of the court was delivered by
BAIME, J.A.D.
This case presents questions concerning a municipality’s entitlement to distributions of State revenue under the Premiums Tax Act (N.J.S.A. 54:18A-1 through -10). Prior to 1981, a domestic non-life insurance company was required to pay franchise taxes directly to the municipality and county in which its principal office was located. N.J.S.A. 54-.18A-8. The insurance company was permitted to deduct the amount of its franchise tax from its premiums tax liability to the State. N.J.S.A. 54:18A-2 and -3. When the franchise tax was abolished in 1981, the Legislature required the State to make payments to the municipality to compensate it for its loss of revenues. N.J.S.A. 54:18A-la(b). Such payments were to terminate if the insurance company relocated its principal office from the municipality. Ibid. The statutory scheme was amended in 1983. In order to ameliorate the abrupt loss of revenue caused by an insurance company’s relocation of its principal office, the Legislature required the State to make five-year phaseout payments *114 to the municipality. N.J.S.A. 54:18A-la(b). At issue is whether a municipality is entitled to phaseout distributions when an insurance company removes its principal office and “redomesticates” in another state. In a reported opinion, Judge Lasser determined that an insurance company’s relocation of its principal office from a municipality in connection with its “redomestication” does not terminate the State’s obligation to make phaseout distributions. We agree and affirm the judgment of the Tax Court for the reasons expressed by Judge Lasser.
I.
We need not recount the facts at length. Prudential Property and Casualty Insurance Company (Prupac) was incorporated in 1975 as a domestic insurance company with its principal office in Woodbridge, New Jersey. In 1977, the company relocated its principal office to the Township of Holmdel. In September 1986, the Commissioner of Insurance approved a “Domicile Transfer Plan” for Prupac. Under the terms of the plan, Prupac became an Indiana domestic company and a foreign company under New Jersey law. As part of the change, Prupac surrendered its New Jersey domestic certificate of authority in exchange for a New Jersey foreign certificate of authority. The effect was to transfer Prupac’s legal domicile from New Jersey to Indiana.
On April 10, 1989, the Director of the Division of Taxation issued a letter decision, advising Holmdel that it was not entitled to receive payments under N.J.S.A. 54:18A-la because Prupac was no longer a domestic insurance company and had relocated its principal office from the municipality. The Director’s decision was sent by mail. On July 11, 1989, 92 days later, Holmdel filed a complaint for declaratory relief in the Tax Court.
The case was submitted on a stipulation of facts. On September 20, 1990, the Tax Court rendered its decision and a judgment to that effect was entered on the same day. On January 2, 1991, an amended judgment was entered, awarding *115 Holmdel $3,972,353.87, representing payments due for 1988, 1989 and 1990. This appeal followed.
II.
Before considering the substantive issue presented, we address a procedural question that was not reached by the Tax Court. As we noted, Holmdel’s complaint was filed 92 days after the Director mailed his letter decision. In his answer, the Director asserted that Holmdel’s complaint was not filed within the 90 day limitations period provided by N.J.S.A. 54:51A-14. Unfortunately, the record is not altogether clear with respect to what occurred after the filing of the pleadings. Apparently, the limitations question was addressed at the pretrial conference and the Director decided not to pursue the defense.
In this appeal, however, the Director contends that Holmdel’s claim was barred by N.J.S.A. 54:51A-14. In response, Holmdel asserts that because the Director’s decision was sent by mail, R. 1:3-3 and R. 8:4-2(b) were applicable. R. 1:3-3, which is made applicable to the Tax Court by R. 8:4-2(b), provides in pertinent part that “[w]hen service of a ... paper is made by mail, and a rule or court order allows the party served a period of time after the service thereof within which to take some action, [three] days shall be added to the period.” Ibid. Because the statutory time prescription for the filing of an appeal has uniformly been held to constitute a non-relaxable subject matter, jurisdictional requirement, see F.M.C. Stores Co. v. Boro. of Morris Plains, 195 N.J.Super. 373, 381, 479 A.2d 435 (App.Div.1984), aff'd, 100 N.J. 418, 495 A.2d 1313 (1985); see also General Trading Co. v. Taxation Div. Director, 83 N.J. 122, 127-28, 416 A.2d 37 (1980); City of Newark v. Fischer, 3 N.J. 488, 492, 70 A.2d 733 (1950); Clairol, Inc. v. Kingsley, 109 N.J.Super. 22, 25, 262 A.2d 213 (App.Div.1970), aff'd o.b., 57 N.J. 199, 270 A.2d 702 (1970), we will decide the issues presented.
The identical question was considered in Pennoyer v. Taxation Div. Director, 5 N.J.Tax 386 (Tax Ct.1983). There, as *116 here, the Director argued that the three day period allowed under R. 1:3-3 and R. 8:4-2(b), when notice of the determination is mailed, constituted an invalid extension of the statutory time period. In rejecting the Director’s position, Judge Lasser heavily relied upon N.J.S.A. 2A:3A-4.1(b)(2), which provides that complaints seeking review of actions of the Director must be filed “within 90 days of the action so reviewed, pursuant to rules of court.” [Emphasis in original]. Id. at 389. The statutory language, “pursuant to rules of court,” was said to grant to the court “the authority to prescribe the procedure for the calculation of the time period.” Ibid. Judge Lasser thus found that R. 8:4-2(b) and R. 1:3-3 “were validly adopted by the Supreme Court, consistent with the statutory authorization and constitutional exercise of [its] rule-making authority.” Id. at 390. See also Potter v. Taxation Div. Director, 5 N.J.Tax 399, 401-02 (Tax Ct.1983).
We agree with the Tax Court’s holding in Pennover. R. 1:3-3 does not extend the filing deadline, but instead prescribes the manner in which the 90 day statutory period is to be calculated. In reaching this conclusion, we do not ignore the Director’s argument that N.J.S.A. 2A:3A-4.1(b)(2) has been “impliedly repealed” by the enactment of N.J.S.A. 54:51A-14. The newer statute, N.J.S.A. 54:51A-14, states that “[e]xcept as otherwise provided in this section, all complaints shall be filed within 90 days after the date of the action sought to be reviewed,” and is devoid of any reference to our court rules. However, N.J.S.A. 54:51A-18, which was adopted on the same date as N.J.S.A. 54:51A-14, states that “[e]xcept as otherwise specifically provided by law, the form, content, service and all other matters with respect to the complaint and practice in the [T]ax [C]ourt shall be as prescribed by rules of court.” [Emphasis supplied]. The italicized statutory language constitutes express legislative recognition of the judiciary’s responsibility to prescribe the procedure for the calculation of the limitations period. See Winberry v. Salisbury, 5 N.J. 240, 74 A.2d 406 (1950), cert. denied, 340 U.S. 877, 71 S.Ct. 123, 95 L.Ed. 638 (1950). We need not decide whether N.J.S.A. 2A:3A-4.1(b)(2) *117 was “impliedly repealed.” See Mahwah Tp. v. Bergen County Bd. of Taxation, 98 N.J. 268, 281, 486 A.2d 818, cert. denied, 471 U.S. 1136, 105 S.Ct. 2677, 86 L.Ed.2d 696 (1985); Two Guys from Harrison, Inc. v. Furman, 32 N.J. 199, 223, 160 A.2d 265 (1960); State v. Roberts, 21 N.J. 552, 555, 123 A.2d 1 (1956). N.J.S.A. 54:51A-18 provides express authorization for calculating the limitation period in accordance with court rules.
III.
We now turn to the Director’s contention that phaseout payments terminate when an insurance company “redomesticates” in another state. In rejecting the Director’s argument, we adopt the reasons expressed by Judge Lasser. We offer the following additional comments.
The Director’s argument is somewhat prolix. Noting that the State’s obligation to make payments under N.J.S.A. 54:18A-la was initially predicated upon the municipality’s loss of revenues resulting from the repeal of the franchise tax, the Director asserts that phaseout payments need only be made where the franchise tax would be applicable but for its repeal. Because the franchise tax was applicable only to domestic insurance companies, it is argued that phaseout payments should be terminated upon a company’s “redomestication” in another state.
We recognize that the original purpose of the Legislature in enacting N.J.S.A. 54:18A-la was to protect municipalities from a shortfall in revenues resulting from the repeal of the franchise tax. However, the Legislature’s focus shifted in 1983 when it enacted N.J.S.A. 54:18A-la(b). The legislative concern was not to replace funds lost by reason of the abolition of the franchise tax. Rather, the legislative purpose was to counteract the harsh financial impact of an insurance company’s relocation of its principal office from a municipality. By its very terms, the statute’s articulated objective was “[t]o ensure that no municipality will experience an abrupt loss of revenue as a result of a domestic insurance company relocating its principal office____” [Emphasis supplied]. The phaseout pay *118 ments were designed to wean the municipality from its dependence upon the State’s payment of funds under N.J.S.A. 54:18A-la. That this is so is best evidenced by the sliding scale reductions in phaseout payments provided by N.J.S.A. 54:18A-la(b).
We thus reject the Director’s argument that the purpose of the phaseout payments mandated by N.J.S.A. 54:18A-la(b) was to provide a replacement for revenues lost by reason of the repeal of the franchise tax. To adopt the Director’s reasoning would lead to the conclusion that a municipality is entitled to the benefit of phaseout payments only if it would have received the franchise tax if it were still in existence. That position is neither logical nor sustainable. If the franchise tax were still in existence, a municipality would lose its benefit upon an insurance company’s relocation from its borders, whether or not it “redomesticated” in another state.
We are thus in accord with the conclusion reached by Judge Lasser. Specifically, we hold that the State’s obligation to make phaseout payments under N.J.S.A. 54:18A-la(b) does not terminate upon an insurance company’s “redomestication” in another state.
The judgment of the Tax Court is affirmed.