KUSKIN, J.T.C.
Defendant, Director of the Division of Taxation, issued a determination that plaintiff was liable for gross income withholding tax and litter control tax for the period January 1, 1994 through December 31,1997, and for sales and use tax for the period July 7, • 1994 through December 31, 1998. The Director now moves to dismiss plaintiffs appeal of this determination as untimely.
The facts are not in dispute. By letter dated November 30, 1999, the Division of Taxation issued to plaintiff a Notice of Assessment Related to Final Audit Determination demanding payment of taxes and interest in the aggregate amount of $112,146.79. Plaintiff filed a protest dated December 8, 1999. On February 15, 2002, the Division issued and sent to plaintiff by certified mail, return receipt requested, a Final Determination letter reducing the tax and interest liability to $111,884.00. Plaintiff received the letter on February 19, 2002. Plaintiffs accountant then called the Division of Taxation and was advised that plaintiff “had to file a complaint in the Tax Court within ninety days on or before May 17, 2002.” The accountant transmitted this information to plaintiffs attorney, who filed this appeal on May 17, 2002.
The Director contends that (1) plaintiff had ninety days from the date of the Final Determination letter within which to file an appeal to the Tax Court, (2) the appeal period began on February 15, 2002 and expired May 16, 2002, and (3) the complaint was not filed in a timely fashion and should be dismissed. Plaintiff acknowledges that his complaint was not filed until May 17, 2002, ninety-one days after the date of the Final Determination letter. Plaintiff contends, however, that the statutes setting forth the filing deadline incorporate court rules for purposes of calculating *375 the ninety-day appeal period, and that, when the rules are properly applied, the result is calculation of a ninety-day period which had not expired when plaintiff filed his Complaint.
The first step in deciding the Director’s motion is to examine the applicable statutes. N.J.S.A. 54A:9-10(a), entitled “Appeal to tax court,” a provision of the Gross Income Tax Act, N.J.S.A. 54A:1-1 to 54A:10-12, provides as follows:
Any aggrieved taxpayer may, within 90 days after any decision, order, finding, assessment or action of the Director of the Division of Taxation made pursuant to the provisions of this act, appeal therefrom to the tax court in accordance with the provisions of the State Tax Uniform Procedure Law, R.S. 54:48-1 et seq.
The applicable provision of the Sales and Use Tax Act, N.J.S.A. 54:32B-1 to -29, also refers to the State Tax Uniform Procedure Law, N.J.S.A 54:48-1 to:51-17 (renamed the State Uniform Tax Procedure Law by L. 1999, c. 208, § 12).
Any aggrieved taxpayer may, within 90 days after any decision, order, finding, assessment or action of the Director of Taxation made pursuant to the provisions of this act, appeal therefrom to the tax court in accordance with the provisions of the State Tax Uniform Procedure Law, R.S. 54:48-1 et seq.
[N.J.S.A. 54:32B-21(a).]
The Litter Control Tax Act, N.J.S.A. 13:1E-99.1, provides that “[t]he tax imposed by this section shall be governed in all respects by the provisions of the State Tax Uniform Procedure Law....” N.J.S.A. 13:lE-99.1(h). Based on these statutes, an examination of the applicable provisions of the State Tax Uniform Procedure Law is necessary.
One provision of the State Tax Uniform Procedure Law directly applicable to the filing of appeals is N.J.S.A 54:49-18a. This statute, as amended in 1992 by L. 1992, c. 175, § 14, provides that, after a taxpayer files a protest with respect to any “finding or assessment,” the Director must make a “final determination confirming, modifying or vacating any such finding or assessment,” and “[t]he time for appeal to the Tax Court pursuant to subsection a. of R.S. 54:51A-14 ... shall commence from the date of the final determination by the director.” The time for appeal set forth in N.J.S.A. 54:51A-14a is “90 days after the date of the action sought to be reviewed.” The date of the Director’s final determination for purposes of an appeal of a gross income tax assessment is the *376 date of mailing to the taxpayer. N.J.S.A. 54A:9-10(e). Neither the Sales and Use Tax Act nor the Litter Control Tax Act defines the date of a final determination. Here, the date of the Director’s Final Determination was also the date of mailing to plaintiff, so that the definitional provision of the Gross Income Tax Act is not significant.
The next step in deciding the Director’s motion is to determine whether court rules are implicated in calculating the ninety-day time period for appeal. The specific rules requiring consideration are R. 8:4-2(b), R. 1:3-3, and R. 1:5 — 4(b). Rule 8:4-2(b), which is specifically applicable to the Tax Court, provides: “If notice of an action is mailed the time period within which a complaint for review may be filed shall be extended pursuant to R. 1:3-3.” Rule 1:3-3 provides: “When service of a notice or paper is made by ordinary mail, and a rule or court order allows the party served a period of time after the service thereof within which to take some action, 3 days shall be added to the period.” Rule 1:5-4(b) provides, in pertinent part: “Service by mail of any paper referred to in R. 1:5-1 [(“orders, judgments, pleadings subsequent to the original complaint, written motions ... briefs, appendices, petitions and other papers except a judgment signed by the clerk”)], when authorized by rule or court order shall be complete upon mailing of the ordinary mail. If no ordinary mailing is made, service shall be deemed complete upon the date of acceptance of the certified or registered mail.”
The role of the court rules in connection with tax appeals was considered in Pennoyer v. Director, Div. of Taxation, 5 N.J.Tax 386 (Tax 1983)[1] and Holmdel Tp. v. Director, Div. of Taxation, 12 N.J.Tax 112 (App.Div.1991), aff'd o.b., 130 N.J. 522, 617 A.2d 656 (1992). In Pennoyer, the Director moved to dismiss an appeal of a gross income tax assessment as untimely filed. In denying the motion, Judge Lasser of the Tax Court relied on N.J.S.A. 2A:3A- *377 4.1b(2), which provided that a complaint to the Tax Court appealing an action of the Director must be filed “within 90 days of the action so reviewed, pursuant to rules of court.” Based on this statute, he held that the three-day period set forth in R. 1:3-3 was applicable in calculating the appeal period.
When the Legislature provided a 90 day time period “pursuant to rules of court” it granted to the court the authority to prescribe the procedure for the calculation of the time period. R. 8:4~l(b) repeats the 90 day statutory time period and R. 8:4-2(b) refers to R. 1:3-3, a time calculation rule applicable when notice of action of the Director is mailed. R. 1:3-3 does not extend the filing deadline but defines the 90 day statutory period as is permitted by the statute “pursuant to rules of court.”
[Pennoyer, supra, 5 N.J. Tax at 389.]
Judge Lasser also held that R. 8:4-2(b) and R. 1:3-3 were validly adopted by the Supreme Court pursuant to its rule-making authority under Winberry v. Salisbury, 5 N.J. 240, 74 A.2d 406, cert. denied, 340 U.S. 877, 71 S.Ct. 123, 95 L.Ed. 638 (1950). Pennoyer, supra, 5 N.J. Tax at 390.
In Holmdel Tp., the Director moved to dismiss an appeal of an assessment under the Premiums Tax Act on the ground that the appeal was untimely filed. The taxpayer contended that the three-day period provided by R. 8:4 — 2(b) and R. 1:3-3 was applicable in calculating the filing deadline. The Director responded that the reference to “rules of court” in N.J.S.A. 2A:3A-4.1b(2), upon which Pennoyer relied, was no longer applicable because that statute had been impliedly repealed by the enactment of N.J.S.A 54:51A-14 which contained no reference to court rules.
The Appellate Division acknowledged the absence in N.J.S.A. 54:51A-14 of any express incorporation of court rules, but held that, under N.J.S.A. 54:51A-18 (enacted on the same date as Section 14), the court rales were applicable to the appeal period calculation. N.J.S.A 54:51A-18 provides: “Except as otherwise specifically provided by law, the form, content, service and all other matters with respect to the complaint and practice in the tax court shall be as prescribed by rules of court.” The Appellate Division described N.J.S.A 54:51A-18 as constituting the “express legislative recognition of the judiciary’s responsibility to prescribe the procedure for the calculation of the limitations period.” *378 Holmdel Tp., supra, 12 N.J. Tax at 116 (citing Winberry v. Salisbury).[2] The court commented that it was not required to decide whether N.J.S.A. 2A:3A-4.1b(2) had been impliedly repealed because N.J.S.A. 54:51A-18 “provides express authorization for calculating the limitation period in accordance with court rules.” Id. at 117.
The Director argues that the Pennoyer and Holmdel Tp. decisions no longer apply because both cases were decided before N.J.S.A. 54:49-18a was amended in 1992 to define the appeal period with reference to the date of the final determination by the Director with no incorporation of court rules, and N.J.S.A. 2A:3A-4.1(b)(2) was repealed in 1993 as part of the repeal of N.J.S.A. 2A:3A and replaced by the enactment of N.J.S.A. 2B:13-1 to -15. In support of his position, the Director cites a footnote in Harris Corp. v. Director, Div. of Taxation, 15 N.J.Tax 119 (Tax 1995), where Judge Hamill indicated that, under the 1992 amendment to N.J.S.A. 54:49-18a, her calculation of the time period for appeal might have been different from her calculation based on the law in effect before the amendment. Id. at 126 n. 2. The Director also cites Heico Corp. v. Director, Div. of Taxation, 20 N.J.Tax 106 (Tax 2002), in which Judge Bianco held that, under N.J.S.A. 2B:13-3 and N.J.S.A. 54:49-18a, the rules of court are not applicable to the calculation of the appeal period. In addition, the Director cites F.M.C. Stores Co. v. Morris Plains Bor., 100 N.J. 418, 495 A.2d 1313 (1985), for the well-settled proposition that “strict adherence to statutory time limitations is essential in tax matters.” Id. at 424, 495 A.2d 1313.
I reject the Director’s arguments, respectfully disagree with Judge Bianco, and hold that the analysis in Pennoyer and the analysis and holding in Holmdel Tp. apply to the statutory schemes governing plaintiffs appeal. Therefore, the ninety-day appeal period should be calculated in accordance with applicable court rules. The statutes establish the commencement date of the *379 ninety-day appeal period, but, as explained in Pennoyer and Holmdel Tp., the statutes do not set forth the methodology for calculating the expiration of the period. Therefore, using court rules to make the calculation is necessary and appropriate, and the initial language of N.J.S.A. 54:51A-18, “[ejxcept as otherwise specifically provided by law,” does not preclude that procedure. I recognize the statutory changes which have occurred since Pennoyer, supra, and Holmdel Tp., supra, were decided, but conclude that those changes do not require a different result.
Pennoyer was decided in 1983 and Holmdel Tp. in 1991. N.J.S.A. 54:51A-14 and 18 were enacted in 1983 (but did not apply to the 1981 appeal at issue in Pennayer). The same legislation, L. 1983, c. 45, included N.J.S.A 54:51A-9 which set forth filing deadlines for property tax appeals to the Tax Court (N.J.S.A. 54:51A-14 set forth the deadline for appeals of state tax matters). In 1992, N.J.SA. 54:49-18a (a part of the State Tax Uniform Procedure Law) was amended, as discussed above, but neither the provisions of N.J.S.A. 54A:9-10(a), N.J.S.A 54:32B-21(a), and N.J.SA. 13:lE-9(h), authorizing appeals to the Tax Court in accordance with the State Tax Uniform Procedure Law, nor the provisions N.J.S.A. 54:51A-9 and -14, establishing appeal filing deadlines, were amended. In 1993, N.J.S.A. 2A:3A was repealed by L. 1993, c. 74, § 3, and replaced by N.J.S.A. 2B:13-1 to -15. The replacement statutes do not contain a provision similar to N.J.S.A. 2A:3A-4.1b, setting forth various time periods for filing complaints in the Tax Court “pursuant to rules of court.” However, N.J.S.A. 2B:13-3c provides that “[p]ractice and procedure in the Tax Court shall be as provided by the Rules of the Supreme Court.”
From the statutory history, I conclude that, in enacting N.J.SA. 2B:13 in 1993, the Legislature: (i) recognized that time periods for appeal had been established in 1983 by the enactment of Chapter 51A of Title 54, specifically N.J.S.A. 54:51A-9 and -14, (ii) determined that inclusion of time periods for appeal in N.J.SA. 2B:13 would be redundant, and (iii) determined that, because of the enactment in 1983 of N.J.S.A. 54:51A-18 (which refers to “rules of *380 court”), any reference to the rules of court beyond that contained in N.J.S.A. 2B:13-3c would be unnecessary. I find no basis for construing N.J.S.A. 2B:13-1 to -15 to reflect a legislative intent to nullify the reference to the rules of court in N.J.S.A. 54.-51A-18 or the interpretation of that statute in Holmdel Tp.
My analysis of the significance of N.J.S.A. 2B:13-3 in interpreting N.J.S.A. 54:4-14 and -18 is consistent with the analysis of Judge Andrew in an unpublished opinion incorporated in James Constr. Co., Inc. v. Director, Div. of Taxation, 18 N.J.Tax 224 (Tax 1999). There, in the context of discussing the Tax Court’s subject matter jurisdiction, Judge Andrew commented as follows with respect to the relationship between N.J.S.A. 2B:13-3 and N.J.S.A. 54:4-13 and -16, which were enacted with N.J.S.A. 54:4-14 and -18:
Certainly, N.J.S.A. 54:51A-13 and -16 appear to cover the same subject area as N.J.S.A. 2A:3A-3. As such, the statutes may be deemed in pari materia. It is a general rule of statutory construction that in such a case, the Legislature presumably had in mind the previous statutes concerning the same subject matter. In this case, N.J.S.A. 2A:3A-3. In the absence of an express repeal, the new provision is presumed to be in accord with the legislative policy embodied in prior statutes. Accordingly, they should be construed together and even if in apparent conflict, construed in harmony if reasonably possible.
Ud. at 232.]
I further conclude that the 1992 amendment to N.J.S.A. 54:49-18a did not preclude calculation of the appeal period by applying court rules. The amendment was part of the enactment of the Taxpayers’ Bill of Rights, L. 1992, c. 175, legislation intended to “assure that all taxpayers will be accorded basic rights of fair and equitable treatment.” Senate Budget and Appropriations Committee Statement to Assembly Bill Nos. 385 and 1474 L. 1992, c. 175. In light of this statutory purpose, interpreting the amendment as altering the calculation of appeal periods in a manner adverse to taxpayers would be illogical, inappropriate, and incorrect in the absence of express statutory language or a legislative statement requiring that interpretation. No such language or statement exists. Because N.J.S.A. 54:49-18a, as amended, provides for an appeal to the Tax Court pursuant to N.J.S.A. 54:51A-14, the same statute at issue in Holmdel Tp., the holding of that case, that the reference to court rules in N.J.S.A. 54:51A-18 governs the calculation of the appeal period under Section 14, remains applicable and binding on me.
*381 The Director’s reliance on Judge Hamill’s footnote in Harris Corp. v. Director, Div. of Taxation, supra, 15 N.J. Tax at 126 n. 2, is misplaced. When read in context, her comment relates to the date of commencement of the appeal period, not the calculation of the duration of the period addressed in Holmclel Tp. and Penn oyer. Indeed, in the paragraph preceding the one in which the footnote appears, Judge Hamill states: “The court rules govern because N.J.S.A. 54:51A-18 requires that all matters with respect to a complaint in the Tax Court are as prescribed by the rules of court.”
Implicit in the preceding analysis is my rejection of the Director’s contention that court rules cannot modify the jurisdictional ninety-day appeal period as defined by statute, particularly in N.J.S.A. 54A:9-10(a), N.J.S.A. 54:32B-21(a), N.J.S.A. 54:49-18a, and N.J.S.A. 54:51A-14. As set forth above, these statutes establish only the commencement date of the appeal period. The Director’s argument ignores N.J.S.A 54:51A-18, and assumes that practices and procedures established by court rule are irrelevant to “jurisdiction.” As established by Holmdel Tp. v. Director, Div. of Taxation, supra, 12 N.J. Tax 112, when jurisdiction is dependent on compliance with statutory filing deadlines, calculating those deadlines in accordance with “rules of court” is appropriate.
Remaining for determination is the methodology for calculating the ninety-day appeal period under the court rules. Rule 8:4-2(b) expressly incorporates & 1:3-3 which, as amended in September 1996, applies only to mailings by “ordinary mail.” As a result, the extra time provided by the rule is not applicable to certified mail. Pressler, Current N.J. Court Rules, comment on R. 1:3-3 (2003). The rule relating to certified or registered mail is R. 1.5-4(b) which defines the date of service of a paper (other than motions governed by R. 1:6-3) as the date of mailing by ordinary mail and “the date of acceptance of the certified or registered mail.” This Rule is not made applicable to the Tax Court by R. 8:4-2(b), but is applicable under R. 1:1-1 which makes all Superior Court rules applicable to the Tax Court “[ujnless otherwise stated.”
Because R. l:5-4(b) relates to the effective date of service, it defines the commencement date of the period for response or *382 action with respect to the paper served, and, in effect, extends the time period for response to certified or registered mail by the number of days between the mailing date and the acceptance date. The rule does not apply to the commencement date of the ninety-day period for appeal from a final determination by the Director in a tax matter. That date, as previously discussed, is defined by N.J.S.Á. 54A:9-10(a) and (e) and N.J.S.A. 54:49-18a as the date of mailing of notice of the final determination or the date of the final determination. However, the implication of R. l:5-4(b) is that the gap between the dates of mailing and receipt must be taken into account when certified or registered mail is used, just as the gap is taken into account under R. 1:3-3 when ordinary mail is used.
Pursuant to N.J.S.A 54:50-6.1a, a provision of the Taxpayers’ Bill of Rights, the Director must send by certified or registered mail “[a]ll notices of assessment related to final audit determination and ‘Notice and Demand for Payment of Tax letters.’ ” Any notice not specified in this statute may be sent by ordinary mail, N.J.S.A 54:50-6, in which event, as discussed above, the time period for appeal from the action reflected in the notice is calculated by including the three-day period provided by R. 8:4-2(b) and R. 1:3-3. The three-day period applies to a notice sent by ordinary mail whether the taxpayer receives the notice on the next day after mailing or four or more days after the mailing date, and the period applies even if the date of receipt can be proved. Certified and registered mail do not differ from ordinary mail in the speed of delivery. Certified and registered mail are subject to delivery as quickly or slowly as ordinary mail. However, with certified and registered mail, the date of delivery can be readily established, and, with ordinary mail, the date of delivery is virtually impossible to establish other than by accepting the testimony of the addressee.
Rule 1:1-2 provides that the court rules “shall be construed to secure a just determination, simplicity in procedure, [and] fairness in administration ____” Here, those objectives are fulfilled by construing R. 8:4-2(b), R. 1:3-3 and R. l:5-4(b) so that the time period for appeal from a notice sent by certified or registered mail is no shorter than the time period applicable to ordinary mail. *383 This construction (i) recognizes that ordinary mail and certified and registered mail are all subject to the same expedition and delays in delivery, (ii) eliminates any inconsistency in the calculation of the appeal period attributable to the method of mailing selected by the Director or imposed on him by statute, and (iii) ensures that legislation requiring the use of certified or registered mail, which was intended to protect taxpayers, does not prejudice them by reducing the period for appeal. I conclude, therefore, that, under the rules of court to which N.J.SA 54:51A-18 and N.J.SA. 2B:13-8c refer, the three-day period expressly applicable to ordinary mail should also apply to the calculation of the appeal period when the Director mails by certified or registered mail, whether the date of acceptance of that mail is within three days after mailing or four or more days after the mailing date.
Rule 1:5-4(b) could be read to require that the ninety-day appeal period be calculated by adding the number of days between the dates of mailing and acceptance of certified or registered mail. Under the facts before me, however, I need not, and do not, decide whether more than three days should be included in the calculation. The Director’s Final Determination letter to plaintiff was dated February 15, 2002, and mailed on that date by certified mail, return receipt requested. Including three additional days in the calculation of plaintiffs time period for appeal produces an expiration date of May 20, 2002 (May 19 was a Sunday). Plaintiffs complaint, filed on May 17, 2002, was timely.
Although I have rejected the Director’s arguments, my rulings should not be construed as liberalizing or relaxing the time limits for appeal. Those limits remain important and are to be strictly construed and enforced.
As a result of my preceding rulings, I need not address plaintiffs argument that the Director is estopped from disputing the timeliness of its appeal because plaintiffs accountant was advised by a representative of the Division of Taxation that the filing deadline was May 17, 2002. However, I find no merit in the argument. Plaintiff is chargeable with knowledge of the law, Graham v. N.J. Real Estate Comm’n, 217 N.J.Super. 130, 138, 524 A.2d 1321 (App.Div.1987), and estoppel is rarely invoked against a *384 governmental agency. See Black Whale, Inc. v. Director, Div. of Taxation, 15 N.J.Tax 338, 354-56 (Tax 1995) and Marrinan v. Director, Div. of Taxation, 17 N.J.Tax 47, 57-59 (Tax 1997) (discussing the limited applicability of estoppel in matters involving public entities and summarizing decisions addressing the issue).
The Director’s motion to dismiss is denied.

Potter v. Director, Div. of Taxation, 5 N.J.Tax 399 (Tax 1983) is a companion case which refers to Pennoyer as containing the analysis relating to the court rules issue.

 The Appellate Division’s ruling disposes of the Director's contention that, if R. 8:4 — 2(b) extends statutorily prescribed filing deadlines, the rule represents an invalid exercise of the Supreme Court’s rule-making authority.