**AMERICAN POLLED HEREFORD ASSOCIATION, Plaintiff-Appellant,**

v.

**CITY OF KANSAS CITY, Missouri, Defendant-Respondent.**

**No. WD 31754.**

Missouri Court of Appeals, Western District.

May 26, 1981.

Harry P. Thomson, Jr., William B. Prugh, Kansas City, for plaintiff-appellant.

Aaron A. Wilson, City Atty., John F. Ingraham, Asst. City Atty., Kansas City, for defendant-respondent.

Before PRITCHARD, P. J., TURNAGE and CLARK, JJ.

CLARK, Judge.

The American Polled Hereford Association (hereafter the Association) appeals from the judgment of the circuit court de-nying the Association's claim that it is exempt from local property taxes because it is an agricultural society. We conclude that the cause is one involving construction of the revenue laws of the state and therefore order transfer to the Supreme Court. Mo. Const. Art. V, § 3.

The appeal reaches this court after having been originally filed in the Missouri Supreme Court and having been transferred here by that court on its own motion for consideration of "possible application of *Kansas City Exposition Driving Park v. Kansas City*, 174 Mo. 425, 74 S.W. 979 (1903)." The initial question to be considered is whether the cause is one properly within the jurisdiction of this court. *In re Estate of DeWitt*, 591 S.W.2d 273, 275 (Mo. App.1979); *Green v. Woodard*, 588 S.W.2d 522, 524 (Mo.App.1979); *Conrad v. Herndon*, 572 S.W.2d 216, 218 (Mo.App.1978). The order of transfer by the Supreme Court imparts no adjudicatory finality on the issue of jurisdiction, but merely expresses a belief, without the benefit of briefs or argument, that exclusive jurisdiction does not lie in the Supreme Court. *Collector of Revenue for City of St. Louis v. Parcels of Land Encumbered with Delinquent Tax Liens*, 566 S.W.2d 475, 476 (Mo.banc 1978). If the Court of Appeals concludes that a substantial question of interpretation and construction of a revenue law is presented, the order of transfer from the Supreme Court does not preclude entry of an order retransferring the case. *In re Estate of DeWitt*, supra.

The applicable facts were presented to the trial court by stipulation and limited the contest to questions of law. To the extent now pertinent, these facts may be briefly summarized. The Association is a not for profit corporation organized under the laws of Iowa and is qualified to transact its business in Missouri under Chapter 355, RSMo 1978, the General Not For Profit Corporation Law.[1] The business of the As-

---

1. Section 355.335, RSMo 1978 provides that a foreign corporation to which the Missouri not for profit statute is applicable may obtain a certificate from the Missouri secretary of state and be thereby entitled to conduct its affairs in this state.

sociation is the promotion of improvements in agriculture and particularly in the breeding of Polled Hereford cattle. Pedigree and ownership records are compiled and maintained. Real property owned and occupied by the Association is located in Jackson County and is the subject of this action.

At least since 1959, as reflected by the records of the Missouri State Tax Commission, the real and personal property of the Association has been exempted from local property taxation on the basis that the Association is an agricultural society. In 1972, however, the Jackson County assessor initiated procedures to test the exemption by assessing the subject property. Taxes levied by Jackson County for state, county, school and other purposes were paid by the Association under protest. In a decision rendered April 22, 1975, the circuit court of Jackson County affirmed the Association's exempt status under § 137.100, RSMo Supp. 1975 and directed that the protested payments be refunded. The state and county authorities acquiesced in that judgment, they did not appeal and thereafter have recognized the Association's exempt status.

Respondent city was not a party to the action which resulted in the 1975 judgment and in fact had not assessed or levied any city taxes against the Association property from 1959 to 1975. After the first circuit court judgment, however, the city made its first assessment against the property and the taxes so levied are the subject of this action. The Association paid the city taxes under protest and brought this suit for refund. In the judgment entered by the circuit court and from which this appeal is taken, exemption of the Association's property was denied on the authority of *Driving Park, supra*, which in turn was construed as limiting the exemption under § 137.100, RSMo 1978 to agricultural societies organized in Missouri under the provisions of §§ 262.290 et seq., RSMo 1978. In the view of the trial court, an agricultural society organized in another state could not qualify for Missouri tax exemption regardless of its conformity to other requirements of Missouri law.

The actual nature of the Association's activities as a traditional agricultural society devoted to agrarian interests is not contested. The parties have stipulated that if the Association is not disqualified because of its status as a foreign not for profit corporation admitted in Missouri, then it is entitled to tax exemption.

As will hereafter appear, applicability of *Driving Park* is not determinative of the jurisdictional issue, but reliance on that case by respondent city and reference to the case in the transfer order require initial consideration of the *Driving Park* holding.

Kansas City Exposition Driving Park was a general business corporation organized under Missouri law. It held a ten-year lease on land in Kansas City which, during the years in question, was used exclusively for horse racing. The claim for tax exemption was based on the contention that the land on which the race track was located was used for agricultural and horticultural purposes and that Driving Park was an agricultural society within the exemption provisions of then § 7505, RSMo 1889.

The opinion does not directly address the question of whether horse racing is an agricultural activity. Rather, Driving Park is denied exemption from property taxes on the ground that a general business corporation is not within the constitutional or statutory description of agricultural and horticultural societies.

The *Driving Park* case is inapposite here for several reasons. First, the Association is not a general business corporation organized for private gain, as was Driving Park, but is a not for profit corporation. Not only does the record contain no allegation or evidence of prospective profit from the Association's activities, but the parties have stipulated that the Association qualifies as an agricultural society under the Missouri Constitution and statutes if the impediment of its out of state origin does not control. Moreover, the facts in *Driving Park* presented no opportunity to consider the principle issue here, the status of an admitted foreign corporation, because Driving Park was a Missouri corporation. We

therefore conclude that the issues in this case must be examined for jurisdictional standing without the aid or application of the *Driving Park* decision.

The bases for the Association's claim of exemption lie in Art. X, § 6 of the Missouri Constitution, 1945, providing, in part, " * * * all property, real and personal, not held for private or corporate profit and used exclusively for * * * agricultural and horticultural societies may be exempted from taxation by general law"; and in § 137.100, RSMo 1978 which states, in part, "The real estate and tangible personal property which is used exclusively for agricultural or horticultural societies organized in this state" is exempt from taxation for state, county or local purposes. Also requiring mention are §§ 262.290 *et seq.*, RSMo 1978 noted earlier and making provision specifically for incorporation of nonprofit agricultural societies.

The contentions by the Association requiring examination in connection with the threshold question of jurisdiction of this appeal center on construction and interpretation of the language in § 137.100, *supra*, " * * * agricultural or horticultural societies organized in this state." The Association first argues that the words "organized in this state" must be considered in the light of § 355.340, RSMo 1978. That section provides that a foreign not for profit corporation which receives a Missouri certificate of authority in accordance with Chapter 355, the General Not For Profit Corporation Law, shall enjoy the same rights and privileges as a domestic corporation organized for the same purposes. Thus, the Association argues that domestic and foreign nonprofit corporations are by statute indistinguishable once a certificate of authority has been procured. Respondent city, however, contends that the plain language of § 137.-100, *supra*, together with the legislative history of favorable treatment and encouragement given to county agricultural societies, demonstrate a parochial restriction of tax exemption to these societies alone which are organized in this state and which are therefore objects of local preference. This position, they say, is reinforced because the legislature has additionally made express provision under Chapter 262 for the incorporation of county agricultural societies and §§ 137.100 and 262.290 *et seq.*, RSMo 1978 are therefore reciprocal.

Alternatively, the Association argues that the adoption of a limited construction of § 137.100, *supra*, as proposed by the city and reflected in the judgment of the trial court cannot stand because violative of equal protection guarantees under Art. I, § 2 of the Missouri Constitution and the Fourteenth Amendment to the United States Constitution. This contention finds substance in the fact that the more restrictive interpretation would clearly discriminate against foreign agricultural societies and would result in a non-uniform, unequal and inconsistent imposition of taxes on the same class of property in violation of Art. X, § 3 of the Missouri Constitution. It is unnecessary at this time, however, to determine whether this court has jurisdiction to decide these latter issues by application of the constitutional provisions, or whether these issues also vest jurisdiction in the Supreme Court by the necessity to construe the Constitution. At the heart of the controversy is the necessity to construe the language of § 137.100, *supra*, and thus decide if the tax exemption provision includes foreign not for profit agricultural societies admitted by certificates of authority to do business in Missouri.

 Cases dealing with the exemption of property from taxation and with claims for refund of taxes paid under protest involve the revenue laws of the state and are, under Art. V, § 3 of the Missouri Constitution, exclusively within the jurisdiction of the Supreme Court of Missouri. *Barnes Hospital v. Leggett*, 589 S.W.2d 241 (Mo. banc 1979); *C & D Investment Company v. Bestor*, 602 S.W.2d 58 (Mo.App.1980). Because the issue presented here was not, for the reasons stated, decided by *Kansas City Exposition Driving Park v. Kansas City, supra*, and has not been ruled by any other case cited or disclosed by independent research, the interpretation and construction

of § 137.100, *supra* must be announced by the Supreme Court. This case is, therefore, transferred to the Supreme Court of Missouri.

All concur.

