■ In the Matter of JOHN A. TAYLOR et al., Petitioners, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a resident trust income tax deficiency imposed pursuant to article 22 of the Tax Law. William H. Taylor died a resident of New York State on August 26, 1950. By will, he placed the assets of his residuary estate in trust, naming his two sons and a predecessor corporation of Manufacturers Hanover Trust Company, as trustees. The trustees were given the power to hold, manage, control, invest and sell any of the testator's property for the benefit of the income beneficiaries. Included in the assets of the residuary estate was real property located in the State of Florida. Under Florida law, the trustee bank, a New York corporation, was prohibited from acting as trustee over Florida real property. Petitioners John A. Taylor and Robert H. Taylor, therefore, were appointed by the County Judge's Court of Dade County, Florida as the sole trustees of the Florida property. During 1970, 1971 and 1975, certain parcels of the Florida property were sold. Payments for the property were received by petitioners John A. Taylor and Robert H. Taylor, as trustees, and placed in a separate account maintained at the Manufacturers Hanover Trust Company in New York "in an agency relationship." The proceeds were not placed in the trust account. New York income tax fiduciary returns for the years 1970, 1971 and 1975, on which the capital gain income derived from the sale of the Florida real property was subtracted from Federal taxable income as a New York modification, were filed. Subsequently, in 1977, the Income Tax Bureau issued notices of deficiency for the years in question based on the disallowance of the modifications pertaining to the capital gain income from the sale of the Florida property. Following a hearing, respondent affirmed the deficiencies assessed against the trust. This proceeding ensued. Sections 601, 605 and 618 of the Tax Law impose an income tax on all resident trusts, including testamentary trusts created by individuals who were New York domiciliaries at the time of their death. However, under the Fourteenth Amendment to the United States Constitution, a State may not impose a tax on an entity unless that State has a sufficient nexus with the entity, thus providing a basis for jurisdiction (*Safe Deposit & Trust Co. v Virginia*, 280 US 83, 92). In the present case, New York's connections with the Florida property were minimal. The property was not deriving the benefits of either State law or State-provided services. The right to possession and control of the Florida property and of the income from the sale of property was in the trustees of the Florida property and the beneficiaries of the trust, none of whom was a New York resident or domiciliary.

Manufacturers Hanover Trust Company legally could not have qualified as a trustee of the Florida property. Therefore, the bank, though a cotrustee, had no right to compel the nonresident trustees to transfer the Florida property or the proceeds from its sale to New York. Accordingly, New York's only substantive contact with the property was that New York was the domicile of the settlor of the trust, thus creating a resident trust (Tax Law, § 605, subd [c]). The fact that the former owner of the property in question died while being domiciled in New York, making the trust a resident trust under New York tax law, is insufficient to establish a basis for jurisdiction (*Safe Deposit & Trust Co. v Virginia, supra; Mercantile-Safe Deposit & Trust Co. v Murphy*, 15 NY2d 579). Consequently, the determination must be annulled. Determination annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.