In re John S. SWIFT, Jr., Trusts under will for the benefit of Sheila K. Swift, John S. Swift III, Jessica M. Swift, Hampden M. Swift, Christy C. Swift, Nina E. Swift, Shepard Swift, Martha M. Swift, Stewart G. Swift, Stephen M. Swift, Bryan M. Swift, Constance J. Swift, Laura C. Swift.

Hampden M. SWIFT, Jessica M. Swift and John S. Swift, III, Trustees; Appellants,

v.

DIRECTOR OF REVENUE, STATE of MISSOURI, Respondent.

No. 68460.

Supreme Court of Missouri, En Banc.

April 14, 1987.

1. *Schoenlaub* is the only case cited in the majority opinion.

2. *State ex rel. Cobb v. Russell,* 727 S.W.2d 877, 878 (Mo. banc 1987).

Michael N. Newmark, John P. Barrie, Jason M. Rugo, St. Louis, for appellants.

William L. Webster, Atty. Gen., Warren D. Weinstein, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERTSON, Judge.

This is an appeal from a decision of the Administrative Hearing Commission upholding Missouri income tax assessments on appellants' income for 1982. Appellants are testamentary trusts. This case involves the construction of the revenue laws of this State; we have jurisdiction. Mo. Const. art. V, § 3. The issue is whether Missouri may tax the income of testamentary trusts created by the will of a Missouri domicilliary when the trust property, trust administration, and all beneficiaries are located outside Missouri. We find that there is an insufficient nexus between this state and these trusts to justify the imposition of income tax by Missouri. The judgment of the Administrative Hearing Commission is reversed.

## I.

The facts are stipulated. Appellants are trustees of trusts created under the will of John S. Swift, Jr., ("Swift"), who died June 27, 1980, domiciled in Missouri. Swift executed an Irrevocable Indenture of Trust on January 2, 1942, naming Hampden Swift and Curtis Swift as trustees. Swift transferred most of his assets to the irrevocable trust at that time, retaining a general testamentary power of appointment over the assets. He exercised this testamentary power of appointment in his will, directing that the trust assets be paid directly to the trustees entitled to receive his residuary estate under the will. The trustees—Hampden M. Swift, Jessica M. Swift, and John S. Swift, III—were directed to hold the trust assets in 13 equal trusts for the benefit of the children of Hampden Swift. The testamentary trusts were funded solely with securities, cash and other intangible property transferred to the trustees directly from the irrevocable trust.

None of the beneficiaries or trustees of the trust have been or are currently Missouri residents. The trust property has been held, managed and administered in Illinois. All trust records are maintained in Illinois; all trust business is conducted

there. In 1981 and in succeeding years, the trusts have realized a taxable income.

In November of 1983, the Director of Revenue informed appellants of his intention to subject the testamentary trusts to Missouri income taxation pursuant to § 143.311, RSMo 1986. The Director also issued final decisions determining deficiencies for purposes of the Missouri fiduciary income tax for 1982 and assessed interest and penalties. Appellants filed complaints before the Administrative Hearing Commission. After a consolidated hearing, the Commission issued its decision upholding the Director's decision. Appellants seek review in this Court.

## II.

■ Section 143.331(2), RSMo 1986, defines a resident trust as "a trust created by will of a decedent who at his death was domiciled in this state." The subject trusts are resident trusts under the statutory definition. That status does not end the inquiry, however.

Neither U.S. Const. amend. XIV nor Mo. Const. art. I, § 10 permit Missouri to impose a tax on an entity unless this state has sufficient connections with the entity to provide a basis for the state's authority to tax. *Miller Brothers Co. v. Maryland,* 347 U.S. 340, 345, 74 S.Ct. 535, 539, 98 L.Ed. 744 (1954); *Safe Deposit and Trust Company v. Virginia,* 280 U.S. 83, 92, 50 S.Ct. 59, 60, 74 L.Ed. 180 (1929). The required nexus is found only where state law confers some benefit to or protection for the property or entity subject to the tax. *Union Refrigerator Transit Company v. Kentucky,* 199 U.S. 194, 202, 26 S.Ct. 36, 50 L.Ed. 150 (1905).

In this case, the trustees, the beneficiaries, the trust property, and the administration of the trust are in Illinois; the income earned by the trusts which the Director seeks to tax is the product of Illinois administration. The only connections with Missouri are Swift's domicile and death in this state and the creation and funding of the testamentary trusts through the probate administration of Swift's estate.

The Director argues that the administration of Swift's estate by a Missouri probate court, together with Swift's Missouri domicile at death and the creation of the subject trusts by a "Missouri" will, provide a sufficient nexus to justify the imposition of income tax.

■ We disagree. An income tax is justified only when contemporary benefits and protections are provided the subject property or entity during the relevant taxing period. In determining whether this state has a sufficient nexus to support the imposition of an income tax on trust income, we consider six points of contact: (1) the domicile of the settlor, (2) the state in which the trust is created, (3) the location of trust property, (4) the domicile of the beneficiaries, (5) the domicile of the trustees, and (6) the location of the administration of the trust. For purposes of supporting an income tax, the first two of these factors require the ongoing protection or benefit of state law only to the extent that one or more of the other four factors is present.

■ In this case, Missouri law is providing no present benefit or protection to the subject trusts, their beneficiaries, trustees, or property. We hold, therefore, that the State of Missouri does not have a sufficient connection with the subject trusts to permit the imposition of a Missouri income tax under the Fourteenth Amendment or art. I, § 10. Our conclusion is consistent with *Taylor v. State Tax Commission,* 85 A.D.2d 821, 445 N.Y.S.2d 648 (1981); *Pennoyer v. Taxation Division Director,* 5 N.J. Tax 386 (1983); *Potter v. Taxation Division Director,* 5 N.J. Tax 399 (1983); *Mercantile Safe Deposit and Trust Co. v. Murphy,* 15 N.Y.2d 579, 255 N.Y.S.2d 96, 203 N.E.2d 490 (1964); and *Bayfield County v. Pishon,* 162 Wis. 466, 156 N.W. 463 (1916).

We have carefully reviewed *Hutchins v. Commissioner of Corporations and Taxation,* 272 Mass. 422, 172 N.E. 605 (1930)

and *First National Bank of Boston v. Harvey,* 111 Vt. 281, 16 A.2d 184 (1940), upon which the Director places great reliance. Each case is distinguishable on its facts and the failure of the courts involved to conduct a due process analysis.

The decision of the Administrative Hearing Commission is reversed.

All concur.