Joseph E. and Jeanette SCHNORBUS, Richard L. and Gladys M. Benner, Charles and Nora H. Franks, and Sam White, Appellants,

v.

DIRECTOR OF REVENUE, Respondent.

No. 72096.

Supreme Court of Missouri,
En Banc.

June 19, 1990.

Clyde Craig, St. Louis, for appellants.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., George Cox, Raymond T. Wagner, Jr., Dept. of Revenue, Jefferson City, for respondent.

Richard Shinners, St. Louis, for amicus curiae, Oil, Chemical & Atomic Workers Local 5-6.

Ronald C. Gladney, St. Louis, for amicus curiae, Amalgamated Transit Union Div. No. 788.

HIGGINS, Judge.

Appellants seek relief from a decision of the Administrative Hearing Commission denying their claims for refunds of Missouri individual income taxes for the years 1986–1988. They contend that taxing retirement benefits derived from employment by private nongovernmental employers, while exempting retirement benefits derived from governmental employers, is not constitutionally permissible.[1] In support, they assert no rational basis or legitimate state interest exists for the state's separate classification of governmental and nongovernmental retirees in derogation of their rights under the Equal Protection Clauses of the Missouri and United States Constitution. U.S. Const., amend. 14, § 1, and Mo. Const., art. I, § 2. Affirmed.

■ Appellants cite article X, section 3, of the Missouri Constitution, which mandates uniformity of taxation on the same class or subclass of subjects within the territorial limits of the authority levying the tax, to argue that the Missouri income tax is not being uniformly applied to the class of persons receiving retirement benefits.

In *Mid–America Television v. State Tax Comm'n*, 652 S.W.2d 674 (Mo. banc 1983), *cert. denied*, 465 U.S. 1065, 104 S.Ct. 1413, 79 L.Ed.2d 740 (1983), the taxpayer raised an equal protection claim and cited article X, section 3, of the Missouri Constitution, and this Court held:

> Uniformity of taxation does not require that all subjects of taxation be taxed, and it does not mean universality; it only requires that taxes be uniform as to each class upon which they fall.... The power of the state to classify for the purpose of taxation is broad. For income tax purposes, the taxpayer may be classified upon the reasonable basis of legal organization or the amount or source of income.

*Id.* at 680. Here, taxes are uniformly applied to retirees. Retirement benefits from governmental employment are exempted from taxation. Reasonable classifications of governmental and nongovernmental retirement benefits are created. Taxes among each class are uniformly applied. Under the state's broad power to classify for the purpose of taxation, the legislature's classification of governmental and nongovernmental employees' retirement benefits is reasonable.

■ When the constitutionality of a statute is attacked, constitutionality is pre-

---

1. The General Assembly provides the income tax exemptions in the statutes that create the various retirement systems. *See Hackman v.* *Director of Revenue*, 771 S.W.2d 77, 79 (Mo. banc 1989).

sumed, *State ex rel. Missouri State Board of Registration v. Southworth,* 704 S.W.2d 219, 223 (Mo. banc 1986), and the burden is upon the attacker to prove the statute unconstitutional. *State v. McManus,* 718 S.W.2d 130, 131 (Mo. banc 1986). The standard for review for equal protection claims made under the United States Constitution is the "lenient standard of rationality." *Exxon Corp. v. Eagerton,* 462 U.S. 176, 195, 103 S.Ct. 2296, 2308, 76 L.Ed.2d 497 (1983). A classification will be sustained if any state of facts reasonably can be conceived to justify it. *City of St. Louis v. Liberman,* 547 S.W.2d 452, 458 (Mo. banc 1977).

Appellants rely on *Davis v. Michigan Department of Treasury,* 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989), which held that the Michigan income tax on federal but not state retirement benefits violated principles of intergovernmental tax immunity by favoring retired state and local government employees over retired federal employees. The Missouri Supreme Court accepted this reasoning in *Hackman v. Director of Revenue,* 771 S.W.2d 77 (Mo. banc 1989), finding Missouri's tax laws discriminated unlawfully against retirees from federal government employment and directing that refunds be made. *Davis* is inapposite to this appeal, however, because it was decided on principles of intergovernmental tax immunity, as opposed to appellants' challenge to classes of governmental employees vis-a-vis nongovernmental employees.

This case is similar to *Streight v. Ragland,* 280 Ark. 206, 655 S.W.2d 459 (1983), where the Arkansas Supreme Court held there was a rational basis for excluding federal and state pensions but not private pensions from state taxation. The court found that the legislature may have wanted to encourage pensioners to either remain in Arkansas or relocate to Arkansas. *Id.* 655 S.W.2d at 464. Here, the Missouri General Assembly may have desired to create an additional benefit for potential employees to be attracted to governmental service in Missouri or for government employees to remain in Missouri after their retirement. Additionally, the Director of Revenue showed by affidavit that the cost to the state of exempting private pensions would be over 68 million dollars per year and thus demonstrated an economic basis not to exempt nongovernmental employees' retirement benefits. Regardless of the actual justification for the statute, there is a rational basis for the implementation of exemption of governmental retirement benefits, and the state has a legitimate interest in giving an exemption to former governmental employees.

The decision to provide an exemption to individuals receiving governmental retirement benefits is that of the legislature and is not a decision to be made by the courts. *Streight,* 655 S.W.2d at 465. These classifications are not constitutionally impermissible so long as they are not arbitrary and are supported by a rational and legitimate basis. The determinations and choices of the legislature for kinds and types of legislation are constitutional if rational. The decision of the Administrative Hearing Commission is affirmed.

All concur.