BLUE v DEPARTMENT OF TREASURY

Docket No. 116666. Submitted June 11, 1990, at Lansing. Decided
    September 11, 1990.

   Laura C. Perry, while a resident of Michigan, created a revocable
      living trust that became irrevocable upon her death. The
      trustee and the income beneficiary of the trust both came to be
      residents of the State of Florida. All of the trust's assets and
      other indicia of ownership were located in Florida, with the
      exception of one nonincome-producing parcel of real estate
      located in Michigan. All of the trust's brokerage and bank
      accounts were held and administered in Florida, where the
      trust was registered. The trustee, Donald L. Blue, subsequently
      brought an action against the Michigan Department of Trea-
      sury in the Court of Claims, seeking a refund of Michigan
      income taxes paid for income accumulated in the trust and not
      distributed to the beneficiary. Plaintiff contended that MCL
      206.18; MSA 7.557(118), which defines any trust created by, or
      consisting of property of, a person domiciled in Michigan at the
      time the trust becomes irrevocable as a resident trust subject to
      Michigan income taxation, is unconstitutional as applied to the
      Perry trust because it violates due process. The court, James R.
      Giddings, J., issued a judgment in favor of plaintiff. Defendant
      appealed.

      The Court of Appeals held:

      There are insufficient connections between the trust in this
      case and the State of Michigan to justify the imposition of
      Michigan income tax on the trust's income. The trust enjoys no
      ongoing protection or benefit from Michigan by virtue of its
      residency in Michigan as defined by § 18 where the trustee, the
      income-producing assets of the trust and the beneficiary of the
      trust are not located within Michigan, and the trust is regis-
      tered in another state. Section 18, as applied in this case,
      therefore violates the due process clause of the Fourteenth
      Amendment.

      Affirmed.

REFERENCES

Am Jur 2d, State and Local Taxation § 473.
State tax on trust income as affected by foreign elements. 5 ALR3d
    606.

TAXATION — INCOME TAX — RESIDENT TRUSTS — DUE PROCESS.

Section 18 of the Income Tax Act, which defines any trust created by, or consisting of property of, a person domiciled in Michigan at the time the trust becomes irrevocable as a resident trust subject to Michigan income taxation, violates the due process clause of the Fourteenth Amendment as applied to a trust which fits such definition where the trustee, the income-producing assets of the trust and the beneficiaries of the trust are not located within the State of Michigan, and the trust is registered in another state (US Const, Am XIV; MCL 206.18; MSA 7.577[118]).

*John P. Siler,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Richard R. Roesch* and *Russell E. Prins,* Assistant Attorneys General, for defendant.

Before: WAHLS, P.J., and GILLIS and JANSEN, JJ.

JANSEN, J. In a judgment entered April 3, 1989, the trial court held MCL 206.18; MSA 7.557(118) to be unconstitutional as applied to the present case. Section 18 defines any trust created by, or consisting of property of, a person domiciled in Michigan at the time the trust becomes irrevocable as a "resident trust" subject to Michigan income taxation. The trial court found insufficient contacts with Michigan in this case to justify imposition of the tax on the trust. Defendant appeals as of right. We affirm.

In 1961, Laura C. Perry, a Michigan resident, executed a revocable living trust. One year later Perry died while residing in Michigan, at which time the trust became irrevocable. The income beneficiary of the trust is decedent's daughter, who has been a Florida resident since December, 1978. There are also six residuary beneficiaries whose rights are created upon the death of the income

beneficiary. Plaintiff is trustee of the trust and has lived in Florida since September, 1977. All of the trust's assets and other indicia of ownership are located in Florida, with the exception of one non-income-producing parcel of real estate located in Michigan. Further, all brokerage accounts and bank accounts are held and administered in Florida. Likewise, on October 15, 1974, the trust was recorded in the State of Florida. Between the years 1982 and 1987, plaintiff filed State of Michigan tax returns and declared net annual income which was accumulated in the trust and was not distributed to any beneficiaries. Plaintiff brought the present action to recover amounts paid as taxes on the income which was accumulated by the trust.

Defendant imposed the tax on the basis that it viewed the present trust as a resident trust under MCL 206.18; MSA 7.557(118), which defines a resident trust as one created by a person domiciled in Michigan at the time the trust becomes irrevocable. The resident trust is subject to taxation from "receiving, earning or otherwise acquiring income from any source whatsoever." MCL 206.51; MSA 7.557(151). Plaintiff objected to the imposition of the tax on the grounds that the imposition of the tax violated the equal protection and due process guarantees of both federal and state constitutions by attempting to tax activities and assets beyond the boundaries and control of the state, that the imposition of the tax poses a threat of double taxation, that the tax imposes a burden on interstate commerce, and that the imposition of the tax abridges the privilege of a citizen to travel. The trial court ruled that the tax was a violation of defendant's due process rights under the Fourteenth Amendment. A state statute which attempts to tax things wholly beyond the state's

jurisdiction or control conflicts with the Fourteenth Amendment. *Safe Deposit & Trust Co v Virginia,* 280 US 83; 50 S Ct 59; 74 L Ed 180 (1929).

On appeal, defendant alleges that residency provides a sufficient nexus between the imposition of the tax and the subject taxed, and that the court erred in holding that § 18 is unconstitutional as applied to the present case. Specifically, defendant argues that the continuing residency of the trust within Michigan and the benefits and protection of laws of this state extended to the trust established the requisite nexus and jurisdiction to impose a tax. We disagree.

The Missouri Supreme Court in *In re Swift,* 727 SW2d 880, 882 (Mo, 1987), analyzed a situation very similar to the present case and summarized:

> An income tax is justified only when contemporary benefits and protections are provided the subject property or entity during the relevant taxing period. In determining whether this state has a sufficient nexus to support the imposition of an income tax on trust income, we consider six points of contact: (1) the domicile of the settlor, (2) the state in which the trust is created, (3) the location of the trust property, (4) the domicile of the beneficiaries, (5) the domicile of the trustees, and (6) the location of the administration of the trust. For purposes of supporting an income tax, the first two of these factors require the ongoing protection or benefits of state law only to the extent that one or more of the other four factors is present.

The Missouri Court went on to hold that, since Missouri law provided no present benefits or protections to the subject trust, beneficiaries, trustees or property, the State of Missouri did not have sufficient connections to impose an income tax.

Likewise, the New York courts have discussed a similar issue. In *Mercantile-Safe Deposit & Trust Co v Murphy*, 19 AD2d 765; 242 NYS2d 26 (1963), aff'd 15 NY2d 579; 255 NYS2d 96; 203 NE2d 490 (1964), a trust which was deemed a resident trust under New York statutes could not be taxed by the state. In *Mercantile*, the income accumulated in the trust was taxed on the basis of the residence of the beneficiaries. The New York Court of Appeals concluded that the "imposition of a tax in the State in which the beneficiaries of the trust reside, on securities in the possession of the trustee in another state, to the control or possession of which the beneficiaries have no present right, is in violation of the Fourteenth Amendment." 15 NY2d 581. Although *Mercantile* can be distinguished by the fact that the trust in *Mercantile* was created in another state, we find that this is not a significant difference considering the fact that the *Mercantile* trust was still deemed a resident trust under New York law.

We hold that there are insufficient connections between the trust and the State of Michigan to justify the imposition of an income tax. We choose to follow the cases in Missouri and New York restricting the state's power to impose tax on resident trusts where neither the trustee nor the trust property are within the state. We conclude that there is no ongoing protection or benefit to the trust. All of the income-producing trust property is located in Florida while the only trust property in Michigan is nonincome-producing. Both the income beneficiary of the trust and the trustee are domiciled in Florida. Most importantly, the trust is administered and registered in Florida. We are unpersuaded by defendant's arguments that the fact that the trust is defined as a resident trust imparts legal protections and jurisdiction.

We find that these protections are illusory considering that the trust is registered and administered in Florida. The state cannot create hypothetical legal protections through a classification scheme whose validity is constitutionally suspect and attempt to support the constitutionality of the statute by these hypothetical legal protections. We analogize the present case to a hypothetical statute authorizing that any person born in Michigan to resident parents is deemed a resident and taxable as such, no matter where they reside or earn their income. We believe this would be clearly outside of the state's power to impose taxes.

We conclude that MCL 206.18; MSA 7.577(118), in defining the present trust as a resident trust subject to Michigan income tax, violates the due process clause of the Fourteenth Amendment.

Affirmed.