David **WESTFALL**, Trustee of Trust B u/w Curtis B. Rollins, Jr., Appellant,

v.

**DIRECTOR OF REVENUE,**
Respondent.

**No. WD 43662.**

Missouri Court of Appeals,
Western District.

Nov. 20, 1990.

Motion for Transfer to Supreme Court
Denied Jan. 2 and 29, 1991.

---

**28**

David Westfall, Griswold Hall, Cambridge, Mass., H.C. Willbrand, Columbia, for appellant.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., James B. Deutsch, Deputy Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and FENNER and ULRICH, JJ.

LOWENSTEIN, Judge.

Appellant Westfall, trustee of a trust under the will of Curtis B. Rollins, Jr., ("Rollins Trust") appeals from a judgment affirming the decision of the Director of Revenue to deny Westfall's claim for a tax refund.

The issue posed concerns whether Missouri may tax all of a trust's income even though only a portion of the income derives from assets held in Missouri. Westfall filed this appeal in the Supreme Court of Missouri, contending this case concerns the construction and validity of Missouri revenue laws. The Supreme Court transferred it to this court.

Both parties stipulated to the facts. The Rollins trust has several contacts with Missouri. First, Curtis B. Rollins, Jr., the settlor, was a Missouri domiciliary when he died. His will was probated and supervised in Missouri. Furthermore, a Missouri court transferred estate assets to the trustee for management on behalf of the beneficiaries.

The trust earned rental income of $3,541 each year in 1984 and 1985 from an undivided one-half interest in real estate in Columbia, Missouri. Westfall, as trustee, has discretion over distribution of income and principal. All distributions must be made to the issue of the settlor's sister, and undistributed income must be added to principal. Westfall filed Missouri fiduciary income tax returns for the Rollins trust, treating it as a *resident trust* under § 143.331(2). As a resident trust, Westfall paid *taxes* on the *entire trust income*. He paid *no income tax to any other state*.

During the relevant tax years, neither Westfall nor any other trustee was a Missouri resident. No income was distributed to a Missouri resident. Furthermore, no issue of the settlor's sister to whom income

or principal could have been paid was a Missouri resident. Other than renting real estate in Columbia, Missouri, the trust conducted no business in Missouri. Additionally, the trust undertook no legal proceedings in Missouri courts concerning the trust or its beneficiaries.

In June 1987, Westfall filed refund claims for taxes paid in 1984 and 1985. He sought to treat the Rollins trust as a nonresident trust and pay taxes only on income derived from Missouri sources. The Director of Revenue denied Westfall's refund claims. Westfall protested to the Director, who issued a final decision affirming the denial of the refunds. Westfall then filed a complaint with the Administrative Hearing Commission (A.H.C.), which affirmed the decision of the Director of Revenue.

■ The Supreme Court has exclusive jurisdiction over all cases concerning construction of Missouri revenue laws, and determining the validity of state statute. Mo. Const. Art. V, § 3 (amended 1982). This constitutional provision does not require transfer when the Supreme Court has previously construed the statute and when this court can dispose of the appeal by applying the Supreme Court's construction. *Goldberg v. Administrative Hearing Commission*, 609 S.W.2d 140 (Mo. banc 1980); *Knowlton v. Ripley County Memorial Hosp.*, 743 S.W.2d 132, 133 (Mo.App. 1988). The Supreme Court previously construed § 143.331(2), which is the subject of this appeal, in *Swift v. Director of Revenue*, 727 S.W.2d 880, 882 (Mo. banc 1987). Thus, this court has jurisdiction over Westfall's first point on appeal.

Westfall argues the A.H.C. misconstrued *Swift v. Director of Revenue, supra,* to allow Missouri to tax the Rollins trust's entire income as a resident trust when the trust's only present contact with Missouri is the ownership of real estate in the state. Westfall essentially asks that this court narrowly interpret subdivision two of the resident trust statute and allow the Rollins trust to be taxed only on income derived from Missouri sources. The construction he proposes reflects the tax scheme currently applied exclusively to *nonresident trusts.*

Resident and nonresident trusts are taxed differently. Section 143.331(2) defines resident trust as "[a] trust created by will of a decedent who at his death was domiciled in this state ..." A nonresident trust is one that is not a resident trust as defined by § 143.331. Section 143.371. The Rollins trust was created by the will of Curtis B. Rollins, Jr., who died a Missouri domiciliary. Under § 143.331(2) the Rollins trust is a resident trust. With some adjustments, Missouri may tax the entire income of a resident trust. Section 143.341. Resident trusts, however, receive credits for income taxes imposed by another state. Section 143.361. As stated earlier, during the relevant tax years Westfall paid Missouri fiduciary income taxes on all of the Rollins trust income. He paid no taxes to any other state, so the trust received no credits under the Missouri resident trust scheme. Westfall then filed refund claims, seeking to recover taxes paid on trust income derived from non-Missouri sources.

Despite the statute's plain language, not all resident trusts are subject to Missouri income tax. Under the Fourteenth Amendment of the United States Constitution and Article I, § 10 of the Missouri Constitution, Missouri cannot tax a trust

> unless this state has sufficient connections with the [trust] to provide a basis for the state's authority to tax. The required nexus is found only where state law confers some benefit to or protection for the property or entity subject to the tax. *Swift*, 727 S.W.2d at 882. (Citations omitted).

Our Supreme Court devised a six-prong test to determine the sufficiency of these connections.

> An income tax is justified only when contemporary benefits and protections are provided the subject property or entity during the relevant taxing period. In determining whether this state has a sufficient nexus to support the imposition of an income tax on trust income, we consider six points of contact: (1) the domicile of the settlor, (2) the state in which

the trust is created, (3) the location of trust property, (4) the domicile of the beneficiaries, (5) the domicile of the trustees, and (6) the location of the administration of the trust. *For purposes of supporting an income tax, the first two of these factors require the ongoing protection or benefit of state law only to the extent that one or more of the other four factors is present.* *Swift*, 727 S.W.2d at 882. Emphasis added.

■ In *Swift*, Missouri was connected to the trust because it was the settlor's domicile and the situs of the trust's creation. Applying the *Swift* test, Missouri may not impose an income tax when only the first two of the six factors are present. *Swift*, 727 S.W.2d at 882. The court found that Missouri law provided no present benefit or protection to the subject trusts, their beneficiaries, trustees or property. Thus, the court held that Missouri did not have a sufficient connection with the subject trusts to impose a Missouri income tax. *Swift*, 727 S.W.2d at 882.

In this case, however, the first two factors, plus one more, are present. Missouri is the situs of the settlor's domicile, the trust's creation, *and* the trust property. Westfall argues that because the third prong, location of trust property in Missouri, was not met by the facts of *Swift*, the court was not called on to decide whether ownership of property in the state would support a tax on the entire trust income or merely on the income from property located in Missouri. This court disagrees. The *Swift* test clearly states that an income tax is permissible when the first two plus *"one or more"* of the other four factors is present." *Swift*, 727 S.W.2d at 882. (Emphasis added.) In this case, the first two factors plus one of the other four factors is present. The A.H.C. merely applied this test to the facts and determined an income tax was permissible.

Westfall also argues that the A.H.C.'s "interpretation" of *Swift* is "unsound and illogical" because it is contrary to a New York decision construing a statute nearly identical to Missouri's statutes and because it is contrary to an A.H.C. decision regard-

ing taxation of a resident trust. Missouri courts are not bound by decisions of New York courts. Furthermore, the other A.H.C. decision Westfall refers to is not the subject of this appeal.

Westfall concedes that taxes should be paid on income derived from Missouri sources. He asks this court to narrowly construe § 143.331(2) to allow the Rollins trust to be taxed only on income derived from Missouri sources. Incidentally, Westfall does not explain why the credit system does not relieve him of paying Missouri tax on the entire trust income. The tax scheme Westfall proposes applies only to nonresident trusts. This court cannot assume a legislative function and rewrite tax statutes, regardless of how unfair their application may seem.

■ This court must uphold A.H.C. decisions when the decisions are authorized by law and supported by competent and substantial evidence upon the whole record. Section 621.193; *Amway Corporation, Inc. v. Director of Revenue*, 794 S.W.2d 666 (Mo. banc 1990); *Unitog Rental Serv. v. Director of Revenue*, 779 S.W.2d 568, 569 (Mo. banc 1989). The A.H.C. did not misconstrue *Swift*. When the *Swift* test is met, Missouri may tax the entire income of a resident trust. The record shows that Missouri is the state of the settlor's domicile, the trust's creation and the trust property for the Rollins trust. The *Swift* test is met in the case at bar. This court affirms the decision of the A.H.C. Westfall's first point on appeal is denied.

Westfall's second point on appeal does not comply with Rule 84.04(d), which requires all appellants to state wherein and why the trial court erred in doing what it did. *Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978). The point is stated as follows: "Constitutional due process permits taxation of the trust at issue only on its income from sources in Missouri, as a nonresident trust." As can best be interpreted, Westfall argues the statute's "all or nothing" approach violates due process.

■ This court has the authority to treat Westfall's second point on appeal as

abandoned. *Black v. Cowan Const. Co.,* 738 S.W.2d 617, 619–620 (Mo.App.1987). But appellate courts are not precluded from considering points on appeal that do not comply with the Rules. *Thummel v. King,* 570 S.W.2d at 687. This court chooses not to dismiss Westfall's second point on appeal because, although vague and improperly drafted, it obviously raises constitutional questions regarding revenue laws. This contention flies directly in the face of Art. V § 3 which rests exclusive jurisdiction in the supreme court "involving the validity of a ... statute, and of construction of the revenue laws ..." Instead, this court orders Westfall's second point on appeal be transferred to the Supreme Court in whom jurisdiction is properly vested. Mo. Const. Art. V, § 3 amended 1982. *But see State v. Hyde,* 682 S.W.2d 103, 106 (Mo.App.1984), cert. denied 471 U.S. 1056, 105 S.Ct. 2120, 85 L.Ed.2d 484 (1985). This court cannot overturn § 143.361. It may not devise an alternate scheme of tax relief on trust income.

■ Usually when even a part of an appeal raises a constitutional question, the entire cause is transferred to the Supreme Court. *State v. Hyde, supra.* To avoid endless transfers, and in the interest of judicial economy, this court decided Westfall's first point on appeal. Because the second point raises, 1) a constitutional question, 2) of a revenue law, *Mercantile Bank National Association, v. Paul Berra, et al.,* 796 S.W.2d 22 (Mo. banc 1990), this court retransfers point two based on the authority of *American Polled Hereford Assn. v. City of Kansas City,* 617 S.W.2d 128, 129 (Mo.App.1981), which states:

> The order of transfer by the Supreme Court imparts no adjudicatory finality on the issue of jurisdiction, but merely expresses a belief, without the benefit of briefs or argument, that exclusive jurisdiction does not lie in the Supreme Court. *Collector of Revenue for City of St. Louis v. Parcels of Land Encumbered with Delinquent Tax Liens,* 566 S.W.2d 475, 476 (Mo. banc 1978). If the Court of Appeals concludes that a substantial question of interpretation and construc-

tion of a revenue law is presented, the order of transfer from the Supreme Court does not preclude entry of an order retransferring the case. *In re Estate of DeWitt,* 591 S.W.2d 273, 275 (Mo. App.1979).

*See also State v. Martin,* 645 S.W.2d 734, 735 (Mo. banc 1983).

The judgment is affirmed as to point one and point two is transferred to the Supreme Court of Missouri.