David WESTFALL, Trustee of Trust
B u/w Curtis B. Rollins, Jr.,
Appellant,

v.

DIRECTOR OF REVENUE,
Respondent.

No. 72142.

Supreme Court of Missouri,
En Banc.

July 23, 1991.

David Westfall, Cambridge, Mass., H.C. Willbrand, Columbia, for appellant.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., James B. Deutsch, Deputy Atty. Gen., Jefferson City, for respondent.

HIGGINS, Senior Judge.

David Westfall, trustee of a trust created by the will of Curtis B. Rollins, Jr., seeks review of a decision of the Administrative Hearing Commission affirming the denial by the Director of Revenue of the trustee's claim for a tax refund. The question is whether Missouri may tax the Rollins trust's income as a resident trust notwithstanding a portion of its income derives from assets held outside Missouri. The Court of Appeals, Western District, decided this case adversely to appellant and transferred it to this Court. The decision of the Administrative Hearing Commission is affirmed.

Curtis B. Rollins, Jr., the settlor, was a Missouri domiciliary when he died; his will was probated and his estate was administered in Missouri. The Boone County, Missouri, Circuit Court transferred estate assets to the trustee for management on behalf of the beneficiaries. The trust earned rental income of $3,541 each year in 1984 and 1985 from an interest in real estate in Columbia, Missouri; renting the real estate was the only business conducted in Missouri during those years. No distribution of income has been made to a Missouri resident; no trustee has been a resident of Missouri during the tax years in question. Except for this case the trust has undertaken no legal proceedings to date in Missouri courts concerning the trust or its beneficiaries. The trustee filed Missouri fiduciary income tax returns for the trust for the years 1984 and 1985, treating it as a resident trust under section 143.331(2), RSMo 1986. As a resident trust, the trustee paid 1984 and 1985 income taxes to Missouri on the entire trust income; he paid no income taxes to any other state. In June 1987, he filed refund claims for taxes paid in 1984 and 1985; his claim now sought to treat the trust as a nonresident

trust and to pay taxes limited to income derived from Missouri sources.

A resident trust for purposes of income taxation in Missouri is "[a] trust created by will of a decedent who at his death was domiciled in this state...." § 143.331(2), RSMo 1986. The Rollins trust is thus a resident trust subject to taxation of its entire income by Missouri, § 143.341, RSMo 1986, and entitled to credit for income taxes, if any, paid to any other state, § 143.361, RSMo 1986. These statutes are presumed to be constitutional; the burden of showing invalidity or unconstitutional application is on the appellant. *Schnorbus v. Director of Revenue,* 790 S.W.2d 241, 242–43 (Mo.banc 1990).

Appellant contends that "[b]y failing to limit income taxation of the trust at issue to its income from sources in Missouri, as a nonresident trust, the Administrative Hearing Commission denied petitioner due process of law in accordance with the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Missouri Constitution." The Director responds that under *Swift v. Director of Revenue,* 727 S.W.2d 880 (Mo.banc 1987), there is no denial of due process and that the Rollins trust is correctly determined to be a resident trust with its entire trust income subject to Missouri tax.

This is not a precedential case; it is, instead, governed by the teaching of *Swift.* In response to present appellant's due process contention, this Court noted in *Swift* that the fourteenth amendment to the U.S. Constitution and article I, section 10, of the Missouri Constitution do not permit Missouri to tax a resident trust under the statute unless the state has sufficient connections with the trust to provide a basis for the state's authority to tax. This Court held that such nexus is present when state law confers some benefit to or protection for the property subject to the tax. *Id.* at 882. In determining whether the state has a sufficient nexus to support imposition of an income tax on trust income, *Swift* considered six points of contact:

(1) the domicile of the settlor, (2) the state in which the trust is created, (3) the location of trust property, (4) the domi-

cile of the beneficiaries, (5) the domicile of the trustees, and (6) the location of the administration of the trust. For purposes of supporting an income tax, the first two of these factors require the ongoing protection or benefit of state law only to the extent that one or more of the other four factors is present.

*Swift,* 727 S.W.2d at 882.

Missouri was connected to the trust in *Swift* only by the settlor's domicile, point (1), and the situs of the trust's creation, point (2). Because of those limitations this Court properly determined Missouri lacked sufficient connection with the trust to impose Missouri income tax. *Id.* The Rollins trust differs, however, from the trusts in *Swift* because the Rollins trust also satisfies point (3) of the test by its ownership of real estate in Columbia, Missouri. In addition, the trust instrument shows that under certain contingencies charities in Columbia will receive distributions; it specifies the Board of Trustees of the Columbia [Missouri] Public Library as a contingent beneficiary and the Boone County National Bank as a possible successor trustee. These considerations taken together with points (1), (2) and (3) provide a "sufficient nexus to support the imposition of an income tax on trust income...." *Id. Greenough v. Tax Assessors of City of Newport,* 331 U.S. 486, 67 S.Ct. 1400, 91 L.Ed. 1621 (1947), recognized that a trust's property was subject to tax in Rhode Island because the state was "ready, willing and capable" of furnishing benefits and protection "if requested." *Id.* at 495, 67 S.Ct. at 1404.

Appellant has failed to meet his burden of proof, and the decision of the Administrative Hearing Commission is affirmed.

COVINGTON and HOLSTEIN, JJ., and KENNEDY, Special Judge, concur.

ROBERTSON, C.J., concurs in result in separate opinion filed.

BLACKMAR, J., dissents in separate opinion filed.

RENDLEN, J., dissents and concurs in dissenting opinion of BLACKMAR, J.

ROBERTSON, Chief Justice, concurring in result.

I concur in the result reached by the principal opinion. Unlike the principal opinion, however, I do not believe that resolution of the issue in this case is found in the mere application of *In re Swift*, 727 S.W.2d 880 (Mo.banc 1987). Instead, this is a case of first impression, raising an issue not addressed in *Swift*.

The Director of Revenue claims the authority to tax the entire income of a testamentary trust created under the will of Curtis B. Rollins, Jr., a domiciliary of Boone County, Missouri, at the time of his death. During the tax years in question, the trust held assets that included an undivided one-half interest in a parcel of real property located in Columbia, Missouri. That property produced rental income of $3,541 for each of the tax years in question. The trust had no other contact with Missouri; its trustee, beneficiaries, and other trust property all resided outside this State.

*Swift* turns on different facts, holding that where a trust's sole nexus with Missouri is that the "trust [was] created by will of a decedent who at his death was domiciled in this state," Section 143.331(2), RSMo 1986—Missouri may not tax trust income. In this case, there is an additional connecting point with Missouri. The question thus becomes whether the due process clause permits Missouri to tax all of the income of the trust when only a portion of that income is earned in Missouri.

The trustee argues that due process prevents the taxation of the total income of this trust by Missouri. On the record before us, I cannot agree.

The Federal Constitution "leaves the states unrestricted in their power to tax those domiciled within them, so long as the tax imposed is upon property within the state or on privileges enjoyed there, and is not so palpably arbitrary or unreasonable as to infringe the Fourteenth Amendment." *Lawrence v. State Tax Comm'n*, 286 U.S. 276, 280, 52 S.Ct. 556, 557, 76 L.Ed. 1102 (1932). A state's power to tax does not extend unbridled outside its borders. The power to tax income outside the state is limited by the need to show a fiscal relationship between the tax levied and the protections offered by the state. The "test is whether ... the taxing power exerted by the state bears fiscal relation to protection, opportunities and benefits given by the state." *Wisconsin v. J.C. Penney Co.*, 311 U.S. 435, 444, 61 S.Ct. 246, 249, 85 L.Ed. 267 (1940).

A state income tax becomes unreasonable or arbitrary in violation of the Fourteenth Amendment when the tax applies to extraterritorial income without some effort to apportion the tax levied to the benefits, opportunities and protections provided by the state. Beyond the obvious interstate commerce considerations, I see little distinction between the limitations imposed by the commerce clause and the due process clause, in this regard.[1] Thus, I would measure the tax imposed under Sections 143.-331, et seq., against a standard that asks (1) whether Missouri has a substantial nexus with the property taxed and (2) whether the tax is fairly apportioned in relation to the opportunities, protections and benefits provided by the state.[2]

That there is a nexus with Missouri in this case is beyond serious argument. In addition to the presence of the property itself, Missouri provides protections to the trust property in this state. The trustee concedes this point.

In my view, that does not end the inquiry however. The tax imposed must also bear some "fiscal relation" to the protection offered; there must be some attempt fairly to apportion the tax levied to the benefit provided. In my view, the constitution permits Missouri to presume that its protections, benefits, and opportunities are of

1. In *Luhr Brothers, Inc. v. Director of Revenue*, 780 S.W.2d 55, 57 (Mo. banc 1989), this Court discussed the state's power to tax as limited by the due process and commerce clauses. "Generally the due process and commerce clauses prohibit the state from imposing an income-based tax on value earned outside their borders; states may tax the income from interstate operations, however, if the states provide a fair apportionment formula."

2. This is essentially the test provided in *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977), without the commerce clause considerations.

paramount importance—and to tax income without apportionment—(1) where a trust draws its life and breath under Missouri's laws, (2) where, as here, some income producing trust property remains in Missouri and (3) where there is no showing on the record that a sister state claims the right to tax the income of the trust because of the protections, opportunities and benefits that sister state provides. While Section 143.-331 makes no provision for apportionment in the event of a sister state's claim, Section 144.361, RSMo 1986, requires Missouri to credit the trust with income taxes imposed against its income by other states. This latter statute provides all the apportionment required by due process.

The trustee in this case makes no claim that a state other than Missouri has taxed or attempted to tax any of the income of the trust. On the record of this case, I believe the income tax imposed by Missouri is constitutional as it bears a reasonable fiscal relation to the protections, benefits and opportunities afforded the entire trust by this state.

BLACKMAR, Justice, dissenting.

*In re Swift,* 727 S.W.2d 880, 882 (Mo. banc 1987), recognizes the due process limitations on the state's power to tax the income of a trust in holding that § 143.-331(2), RSMo 1986, did not authorize the taxation of income from a trust containing only intangible personal property, when neither the trustees nor the beneficiaries were Missouri residents, even though the trust had been created by the deed and will of a Missouri resident whose estate had been administered in Missouri. We held that a tax on income could be justified only on the basis of "contemporary benefits and protections" to the "subject property or entity."

The present result, far from being supported by *Swift,* is manifestly inconsistent with that holding, to the extent that it sanctions the imposition of Missouri income tax on the income from intangible personal property of a trust in which the trustee and all eligible beneficiaries are nonresidents. The only difference between this case and

*Swift* is that here the trust owns, along with substantial intangible property, an undivided one-half interest in income producing real estate in Columbia, Missouri. The director seizes on this ownership as justification for a tax not only on the rental income, but upon the entire income of the trust.

This application, as *Swift* shows, offends the due process clauses of the federal and state constitutions. U.S. Const.Amend. XIV, § 1; Mo. Const. art. I, § 10. Missouri affords contemporaneous benefits and protection only to the real estate, on which it may levy both property and income taxes. It provides no benefit or protection to the intangible personal property. Nothing in the record demonstrates that Missouri courts could acquire jurisdiction over the trustee, the beneficiary, or the trust corpus, except for in rem jurisdiction over the Missouri real estate. *See Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Section 143.331(2) is overreaching and unconstitutional as applied to the intangible trust property not located in Missouri. The statutory concept of "resident trust" does not provide constitutional justification for the levy of a tax against income from property receiving no contemporaneous benefit or protection.

It is familiar that states may not tax beyond their borders absent a sufficient nexus between the taxing state and the entity it proposes to tax. *Miller Bros. Co. v. Maryland,* 347 U.S. 340, 74 S.Ct. 535, 98 L.Ed. 744 (1954); *Safe Deposit and Trust Co. of Baltimore, Md. v. Virginia,* 280 U.S. 83, 50 S.Ct. 59, 74 L.Ed. 180 (1929). Even if there is a contact, the taxing state must provide the entity with benefits and protection commensurate with the amount of tax it imposes. *Greenough v. Tax Assessors of Newport,* 331 U.S. 486, 67 S.Ct. 1400, 91 L.Ed. 1621 (1947). *Wisconsin v. J.C. Penney Co.,* 311 U.S. 435, 61 S.Ct. 246, 85 L.Ed. 267 (1940). Thus, the principal opinion stands *Swift* on its head when it cites that opinion as authority for the result reached here. Consistent with numerous United States Supreme Court cases before it *Swift* holds, as follows:

an income tax is justified only when contemporary benefits and protections are

provided the subject property or entity. . . .

There was no occasion in *Swift* to discuss the situation which now confronts us, and anything that case says about what property of a nonresident could be taxed is dicta. *Swift* does not support a tax on income beyond the scope of the benefit and protection conferred. *Swift, supra* at 882. Any other conclusion would lead to absurd results.[1]

Missouri trust law further teaches that the principal opinion upholds an unconstitutional application of § 143.331(2). A trust is not a legal entity. The trustee is the legal owner of the trust property, in which the beneficiaries have equitable ownership. *See Greenough, supra* 331 U.S. at 494, 67 S.Ct. at 1404, and *Masterson v. Plummer,* 343 S.W.2d 352, 355 (Mo.App.1961).[2] I do not sense a purpose on the part of the legislature, in establishing trusts as income taxpayers, of departing from normal concepts of trust law as developed in equity jurisprudence or of taxing any income that could not be constitutionally taxed.[3] Thus, a nonresident trustee is not subject to tax on the trust income unless an individual owner would be subject to tax under similar circumstances.

The majority misconstrues *Greenough* when it states that Missouri can lawfully tax the out-of-state property because Missouri is "ready willing and capable" of furnishing benefits "if requested." Majority at 514. The result in *Greenough* depended on the fact that a co-trustee of a New York trust resided in Rhode Island. Consequently, Rhode Island taxed the co-trustee, the owner, on one half the value of intangibles held by him and the New York trustee. "The citizenship of the trustee and not the seat of the trust or the residence of the beneficiary is the controlling factor." *Greenough, supra* 331 U.S. at 495–6, 67 S.Ct. at 1404–05. If in the future a resident of Missouri is appointed trustee of the Rollins trust, the taxgatherer may reappear. If a Missourian's contingent interest vests, then that interest could be subject to Missouri taxation.

The director argues that if the trust income from intangibles is not subject to taxation in Missouri it will not be taxed anywhere. I am unable to see how this is demonstrated by the record before us but, even if it is, it makes no difference. We are concerned here only with Missouri's power to tax. Inasmuch as both the trustee and the beneficiaries are nonresidents, states other than Missouri have the sole claim to tax the trust income. Missouri's claim cannot be improved if other legislatures do not choose to exercise their power, or if their revenue authorities do not enforce their legislative directions.

It is surprising that the principal opinion cites *Greenough,* which supports the authority of the state of a co-trustee's domicile to tax the trustee's one-half interest in the intangible personal property of the trust. This case supports the present taxpayer's position, not that of the director. It applies traditional principles of trust law in treating the trustee as the owner of the trust property.

We do not have to decide whether § 143.-331(2) authorizes the taxation of the trust income from the Missouri real estate, in spite of its constitutional infirmities. This action is based on a claim for refund; refund of the tax on that income was not claimed. We have no authority to award relief in excess of that claim.

The decision should be reversed and the case remanded with directions to sustain only so much of the assessment as relates to the Missouri real estate.

*McDaniel Title Co. v. Lemons,* 626 S.W.2d 686, 690 (Mo.App.1981).

1. E.g. $1,000 per year rental for a parking lot supporting taxation on $1,000,000 of income from stocks and bonds.

2. *See generally Harris Banking Co. v. Miller,* 190 Mo. 640, 649, 89 S.W. 629 (1905); *Simmons v. Friday,* 359 Mo. 812, 224 S.W.2d 90, 95 (1949);

3. *See Taylor v. State Tax Comm'n,* 85 A.D.2d 821, 445 N.Y.S.2d 648, 649 (1981), holding that the concept of "resident trust" must be applied in a way consistent with due process.